IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES JOHNSON, §<br>TDCJ–CID #1142107, §<br>    Plaintiff, §<br>§<br>v.            §<br>§<br>PAMELA BAGGETT, *et al.*, §<br>    Defendants. § | | CIVIL ACTION NO. H-05-1148 |

## MEMORANDUM OPINION AND ORDER

James Johnson, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983 against TDCJ officer Bobby Purvis. Purvis filed a motion for summary judgment seeking dismissal of Johnson's claims, and certified that a copy of the motion was served on Johnson. (Docket Entry No. 16). A reasonable period of time has expired, but Johnson has not responded to the motion for summary judgment.

After considering the pleadings, the motion, the summary judgment evidence, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

### I. BACKGROUND AND CLAIMS

The probative summary judgment evidence shows that in June of 2004, Johnson underwent nasal surgery to correct a deviated septum and improve his breathing. Upon

returning to his unit following surgery, Johnson wore a protective splint taped to his nose. On June 23, 2004, a few days after Johnson's return to the unit, defendant Purvis stopped Johnson in the hallway and asked to see his medical pass for the nose splint. According to the affidavit submitted by Purvis,

> I did question Mr. Johnson to see if he had a medical pass for what appeared to be tape on his nose. He became upset because I asked him for it. He told me that he had a medical pass and when I asked to see it he became upset and belligerent and snatched the tape off himself.

(Docket Entry No. 16, Exhibit 1.) Johnson then went to the medical clinic, where he was given a medical pass and the splint was retaped. (*Id.*, Exhibit 2, p. 1.) During a grievance investigation of the incident, Purvis stated that

> I did question this offender as to if he had a medical pass. The offender became upset and began talking loud. I told said offender if he did not have permission from medical, he could not wear that ('what seemed to be tape') on his face. The offender then snatched the tape off of his face and stated 'I'll go get one.' Shortly after he came back with a medical pass, and I told him it was no problem. I never ordered said offender to take the tape off of his face, I only questioned him if he had medical permission.

(*Id.*, p. 4.) During the investigation, Johnson admitted that he wore a nose piece without a medical pass, and that he took the nose piece off himself. (*Id.*, p. 4.) A supervisor commented during the investigation that, "Offender Johnson did in fact have a nose piece without proper authorization (medical pass). Furthermore, Offender Johnson took it off himself and was allowed to go to the infirmary to get a medical pass. Lt. Purvis was simply enforcing policy and procedures and did not violate TDCJ policy." (*Id.*).

2

Johnson claims that Purvis was deliberately indifferent to his serious medical needs, and seeks recovery of monetary damages and a court order for further corrective surgery. Purvis argues that Johnson's claims are without merit as a matter of law and should be dismissed.

## II. ANALYSIS

### A. Summary Judgment Standard of Review

In deciding a motion for summary judgment, the court must determine whether the pleadings and probative evidence, including any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). All evidence must be construed "in the light most favorable to the nonmoving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the safety and serious medical needs of prison inmates. *Estelle v.*

3

*Gamble*, 429 U.S. 97, 104 (1976). A plaintiff must prove objectively that he was exposed to a substantial risk of serious harm, and that prison officials acted or failed to act with deliberate indifference to that risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The deliberate indifference standard is a subjective inquiry; a plaintiff must establish that the prison official was actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). It is only the deliberate indifference and unnecessary and wanton infliction of pain or acts that are repugnant to the conscience that constitute conduct proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-06. Liability occurs only if the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

In the instant case, Johnson alleges he removed the splint because Purvis told him to "take it off or he would do it himself," and that about sixty inmates witnessed the event. (Docket Entry No. 16, Exhibit B, p. 5.) He further alleges that because of this incident, he was forced to undergo a second surgery. (*Id.*). Johnson presents no probative summary judgment evidence in support of these allegations, and his claims are conclusory, unsupported in the record, and insufficient to raise a genuine issue of material fact precluding summary judgment. Johnson submitted a statement allegedly written by inmate Troy C. Traylor in support of his assertions against Purvis (Docket Entry No. 1, p.12), but Traylor's statement is neither notarized nor verified under 28 U.S.C. § 1746, and does not constitute probative summary judgment evidence.

Further, there is no probative summary judgment evidence in the record that Johnson's removal of his splint on June 23, 2004 caused any damage, particularly any damage requiring a second surgical procedure. To the contrary, Johnson's medical records reveal that on June 21, 2004, two days *before* this incident, Johnson removed the splint because the tape was irritating his face. (Docket Entry No. 16, Exhibit 3, p. 118). The splint was reapplied at the infirmary at that time, and Johnson was issued tape to self-apply as needed.

Accordingly, the summary judgment evidence does not show that Johnson was exposed to a substantial risk of serious harm during the June 23, 2004 incident, that Purvis acted with deliberate indifference to that risk, or that Johnson sustained any physical injury. Johnson's Eighth Amendment claims for deliberate indifference to his safety and serious medical needs are without merit.

### III. CONCLUSION

Defendant's motion for summary judgment (Docket Entry No. 26) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. All other pending motions and requests for relief are **DENIED**.

Signed at Houston, Texas, on the 27th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE